[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION STATEMENT OF THE CASE
In an Amended Habeas Corpus Petition, the petitioner has made a wholesale attack on the performance of his trial counsel, his appellate counsel, and the trial judge. These latter allegations were addressed by the Supreme Court in Mr. Small's appeals, reported at 242 Conn. 93
(1997).
Originally convicted of capital felony, two counts of felony murder and conspiracy, the petitioner's appeal succeeded in that the court ordered a remand to vacate the capital felony conviction. This resulted in a total effective sentence of 45 years as apposed to the original sentence of life imprisonment without parole, plus a 15 year concurrent sentence on a conspiracy conviction.
 FACTS
As set forth in the above noted Supreme Court decision, the petitioner CT Page 10982 and a friend, Eric Amado, were involved in drug activity, storing their supply at the West Haven apartment of Amado's girl friend, Joanne Bailey. This apartment was shared with Hope Vaughn who had been dating the petitioner.
For reasons of her own, Vaughn decided to put an end to the drug storage. She arranged for a friend, one Anthony Young, to come to the apartment, load some of her property and the safe containing the drugs, and transport it all to Young's apartment in Bridgeport. After some considerable coming and going, the petitioner, Amado, Joanne Bailey, a David Wideman and a David Bailey went to Young's apartment the next morning.
The men were all armed with automatic or semiautomatic weapons and when the dust had settled, Young and one Peter Hall were dead and Joanne Bailey had a gunshot wound to her left thigh.
 DISCUSSION I
The court will first address those claims it finds already addressed by the Supreme Court.
 A.
The petitioner's first claim is that "the trial court's imposition of the statutory affirmative defense on Mr. Small deprived him of his right to due process and his right to choose his own counsel." He then states this issued will not be briefed but is raised "to preserve the issue for Federal habeas review." However, he then goes on to re-assert this claim by arguing that trial counsel "failed to object adequately to the State's request to charge regarding the affirmative defense to felony murder."
On the appeal, the Supreme Court noted that "there was sufficient evidence to support the charge, and that the giving of the charge did not effectively strip the defendant of any other defense, . . ." (Id., at 101). The court then concluded that even if it was improper for the court to give the instruction over the defendant's objection, (emphasis added) the defendant was not harmed. (Id., at 102).
In brief, there is no merit to this claim.
 B.
The petitioner also claims it was an act of ineffective assistance of CT Page 10983 counsel for trial counsel to fail to object to the court's charge on reasonable doubt. At page 115 of its decision, the court stated that ". . . when viewed in the context of the charge as a whole, the court's instruction as to reasonable doubt was in accord with precedent and did not constitute a clear violation of the defendant's fundamental constitutional rights nor deprive him of a fair trial."
The petitioner argues appellate counsel should have raised on appeal the trial court's use of the now discredited language that the presumption of innocence is to protect the innocent and not the guilty. However, the federal court case holding such language was grounds for reversal was decided after this case. (United States v. Doyle, 130 F.3d 523
(2nd Cir. 1997).
The petitioner argues that through each of these "errors" may have constituted harmless error, delivered together it is reasonably probable that the trial result or the appeal decision would have been different.
Applying the requirements of Strickland v. Washington, 466 U.S. 668
(1984), to the alleged failures to raise these two points, the court does not find that the errors "were so serious as to deprive defendant of a fair trial, a trial whose result is reliable." Strickland, at 687. Nor, that but for counsels' actions, the result would have been different.Strickland, at 694.
 II
The petitioner has alleged several grounds as the basis for claims of ineffective assistance of trial counsel.
 A.
The petitioner stated that trial counsel failed to properly prepare him to testify. Trial counsel disagreed and testified that he discussed with the petitioner the risks involved, the use of his prior criminal record, and the questions likely to be asked by the prosecutor. The petitioner concedes that if his defense of "mere presence" was to succeed, it was necessary that he testify.
The petitioner cites no specific example of this alleged lack of preparedness producing detrimental consequences, save for a somewhat tenuous assertion with respect to the number of convictions he had. Mr. Small was on notice that the state had and would present evidence of three convictions before he took the stand. His claim, repeated at this trial, that he thought his two guilty pleas on the same day constituted a single conviction, invites skepticism. But it would be the height of CT Page 10984 conjecture to suggest that this minor digression in the course of a trial replete with testimony about deadly weapons which killed two and wounded another would have produced a completely different result had it not occurred as it did.
 B.
The petitioner also argues trial counsel was ineffective by virtue of his failure to effectively cross examine Hope Vaughn and because he neglected to demonstrate prior inconsistent statements on the part of Vaughn and Jo Anne Bailey.
As for the cross-examination, the court has read the transcript of the cross and recross and notes that many of the areas the petitioner claims were omitted were actually addressed.
The so called inconsistent statements the petitioner complains of were addressed by the trial court and the state effectively rebutted them. However, all of these issues were adequately explored by trial counsel in his cross-examinations so that the jury was made aware of all the prior relationships between the witnesses and Mr. Small as well as any motive they may have had to testify falsely.
The court detects no significant areas of omission by trial counsel and the petitioner hasn't demonstrated he performed ineffectively in the face of substantial incriminatory evidence.
 C.
The petitioner makes the further claim that trial counsel was ineffective in not calling as a defense witness, one, Eric Amado. Amado was a co-defendant of the petitioner who was tried separately and convicted of capital felony murder, two counts of murder and two counts of felony murder. A jury did not believe his claim of that he acted in self defense.
Amado did state at his own sentencing that Small had no connection with the deaths and had not been part of any plan. However, defense counsel would have been obliged to expose his client to the potential for disaster in having the jury hear that Amado had been convicted of the two murders and that the jury had rejected his self defense argument. of course, the prosecution would also have had a chance to cross-examine Amado.
Needless to say, this scenario presumes that Amado would have agreed to testify, but even if he had, this court questions the decision to have CT Page 10985 the Small jury hear of the verdict of the Amado jury.
That decision was fraught with risk and could well be considered ineffective assistance of counsel in itself, had it been employed.
But again, the petitioner has not made out a plausible argument to support the claim that this alleged failure would have changed the result, that is, that he was prejudiced.
 III
As framed in his brief, the petitioner also alleges ineffective assistance of both trial and appellate counsel in two areas.
 A.
The petitioner argues that in closing argument the prosecutor included "a series of misstatements that, taken together, constitute prosecutorial misconduct." He faults trial counsel for not objecting and appellate counsel for not raising them on appeal.
The items complained of are hardly of a grievous nature and could easily be overlooked, even by one carefully reading the transcript.
But significantly, the petitioner has not shown that these alleged "errors" would have resulted in a different result at trial, giving rise to undermining the confidence in the verdict that resulted in the appeal. Bankley v. Commissioner of Correction, 222 Conn. 444, 454 (1992).
The failure of appellate counsel to raise these items on appeal was best explained by that counsel in her trial testimony in which she discussed appellate practice. She noted that it is not considered good practice to "throw in the kitchen sink" but it is far more preferable to focus on key issues. Valeriano v. Bronson, 209 Conn. 75, 89 (1988).
 B.
The court next addresses the claim of ineffective assistance of both counsel because of the alleged failure to raise and assert the courts alleged improper charge with respect to "attempt.
Actually, the court charged that the underlying felony to the felony murder charge was criminal attempt to commit robbery. However, the jury was not charged on the elements of attempt (C.G.S. § 53a-49).
The charge was otherwise in order and the jury was told in the portions CT Page 10986 dealing with accessories and conspiracy that it must find that the petitioner acted with the mental state required for the commission of the crime. Then, it was told that in order to convict on conspiracy, at least one conspirator must commit an overt act to further the conspiracy.
As the respondent argues, this jury found facts so closely related to those required to find an attempt that the failure to charge on attempt was harmless. Utilizing the "functional equivalency" test, the United States Supreme Court has determined that where the facts found by the jury are the "functional equivalent" of the omitted, misdescribed, or presumed element, the error, if any is harmless. Carella v. California,491 U.S. 263, 270-71 (1989).
This petitioner must show, as noted above, that he is suffering with the result of an unreliable conviction. (Bankley, supra, at 461).
Under the circumstances of this case with overwhelming evidence of guilt and the jury's finding that Small not only participated in but conspired to commit the underlying offense, the court concludes the inclusion of language treating with "attempt" would have had no reasonable effect on the outcome.
 III
The petitioner has also alleged that he was deprived of a fair trial because the trial judge injected its opinions into the case and "poisoned the atmosphere of the trial against the defendant."
Specifically, the allegation is that the court "interjected to characterize his (Small's) testimony as a `tale of woe'." This is not an accurate recitation at all, as reference to the transcript reveals that the court was referring to Small's answer to a question. Feeling the answer was not responsive, the court said:
 "So, I mean, he's not here to tell a tale of woe. I want him to answers (sic) the questions you put to him. That makes for question and answer."
Thus, the court did not venture its opinion and especially in the context noted cannot be accused of "poisoning the atmosphere."
Turning to the prosecutor's comments which the court purportedly encouraged, the court finds nothing inflammatory about them and they are not opinions. It is entirely appropriate for counsel in argument to do just that — argue. In this case, the prosecutor referred to Mr. Small's versions of events as a tale that doesn't strike a realistic CT Page 10987 chord and later, as a fairy tale.
These comments do not rise to the level of misconduct and to suggest that they had a bearing on the outcome is more than conjecture, especially in light of the evidence in this case.
 CONCLUSION
The petitioner has failed to demonstrate that the various acts of alleged misfeasance and omission constitute ineffective assistance of counsel, nor that those acts and omissions prejudiced the petitioner's defense.
The petition is therefore denied and judgment may enter for the respondents.
Anthony V. DeMayo Judge Trial Referee